# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

JEREMY ADEYANJU,

      Petitioner,

      v.                           Case No. 11-C-0694

ANA BOATWRIGHT,

      Respondent.

---

## ORDER

---

On July 21, 2011, Jeremy Adeyanju filed a pro se habeas petition pursuant to 28 U.S.C. § 2254, asserting four grounds for relief: (1) ineffective assistance of counsel for not "raising or informing Adeyanju of the possible lesser included offense", (2) ineffective assistance of appellate counsel for bringing forth a frivolous issue, (3) ineffective assistance of counsel for allowing the admission of gang-related evidence in violation of a court order, and (4) ineffective assistance of counsel for failing to correct the court's statement that Adeyanju pled guilty "to a charge he did not." (Pet. for Writ at 3–11.) Adeyanju has exhausted his state courts remedies for the first three claims but has not yet exhausted state court remedies on his fourth ground for relief. On the same day Adeyanju filed his habeas petition, he also filed a separate motion to stay proceedings in his pending habeas case while he returns to state court to exhaust his remedies on the fourth claim. (ECF 2.) Respondent has not challenged Adeyanju's motion.

This Court may not adjudicate a habeas petition that contains both claims that have been exhausted and claims that have not been exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982). Staying

a habeas petition is only proper if petitioner's failure to exhaust his claims in state court was based

on "good cause." *Rhines v. Weber*, 544 U.S. 269, 271 (2005). In *Rhines* the Supreme Court noted:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging
> finality by allowing a petitioner to delay the resolution of the federal proceedings.
> It also undermines AEDPA's goal of streamlining federal habeas proceedings by
> decreasing a petitioner's incentive to exhaust all his claims in state court prior to
> filing his federal petition. For these reasons, stay and abeyance should be available
> only in limited circumstances. Because granting a stay effectively excuses a
> petitioner's failure to present his claims first to the state courts, stay and abeyance
> is only appropriate when the district court determines there was good cause for the
> petitioner's failure to exhaust his claims first in state court. Moreover, even if a
> petitioner had good cause for that failure, the district court would abuse its
> discretion if it were to grant him a stay when his unexhausted claims are plainly
> meritless.

*Id.* at 276–77 (internal citations omitted).

Adeyanju's habeas petition explained he did not directly raise his fourth ground for relief

— the court's inaccurate statement Adeyanju pled guilty to a particular charge — because his "trial,

postconviction, and appellate counsel failed to identify the issue." (Pet. for Writ at 9.) I cannot

conclude Adeyanju's unexhausted claim is necessarily meritless. Adeyanju's argument that he did

not exhaust his state court remedies because his trial, postconviction, and appellate counsel were

ineffective as to his fourth claim may satisfy the "good cause" standard. Out of an abundance of

caution, I will stay Adeyanju's habeas petition and allow him to exhaust his state court remedies

on his fourth claim.

**THEREFORE, IT IS ORDERED** that Adeyanju's habeas petition is stayed and this case

shall be administratively closed.

**IT IS FURTHER ORDERED** that this stay is expressly conditioned on Adeyanju pursuing

state court remedies within 30 days after the date of this order and on Adeyanju returning to this

Court within 30 days after state court exhaustion is completed. Alternatively, Adeyanju could notify this Court within 30 days of his intention to dismiss his fourth claim and proceed on the remainder of his habeas petition.

In any event, **PETITIONER IS ORDERED** to report to the Court on the status of his efforts to exhaust state court remedies within the next six months. Failure to do so will result in dismissal of his petition.

Dated this   31st   day of August, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge